IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNIE YARN and DESHAWN
MURPHY,

                    Plaintiffs,

       v.

TRADER JOE'S,

                    Defendant.

Case No. 3:25-cv-01403-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiffs Donnie Yarn ("Yarn") and Deshawn Murphy ("Murphy") (together,

Plaintiffs"), appearing as self-represented litigants, originally filed this case against Defendant

Trader Joe's ("Trader Joe's") in Multnomah County Circuit Court. After Trader Joe's removed

the case to federal court, Yarn and Murphy moved to remand pursuant to 28 U.S.C. § 1447(c)

("Section 1447(c)"). (ECF No. 5.) The parties have consented to the jurisdiction of a magistrate

judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court denies

Plaintiffs' motion to remand.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

### I.    FACTUAL BACKGROUND

Plaintiffs Yarn and Murphy allege that they represent a non-profit organization and conduct charitable fundraising outreach from a table set up on a public sidewalk outside a Trader Joe's store in Portland, Oregon. (*See* Compl., ECF No. 1, Ex. 1; Am. Compl., ECF No. 1, Ex. 2.) Yarn was previously involved in a dispute with Trader Joe's that was resolved by settlement and dismissed with prejudice. (Am. Compl. ¶ 5.)

Plaintiffs allege that Trader Joe's materially breached the settlement agreement by "continuing to harass [Yarn] and falsely asserting that [Yarn] was banned from the premises." (Am. Compl. ¶ 6.) Plaintiffs also allege that Trader Joe's "targeted" Murphy "by falsely accusing him of being a vendor and banning him from the premises, despite his presence being solely for restroom use and nonprofit representation." (*Id*. ¶ 8.)

Plaintiffs' amended complaint includes claims for breach of contract, defamation, intentional infliction of emotional distress ("IIED"), and First Amendment violations under 42 U.S.C. § 1983. (*See* Am. Compl. at 2-3.)

### II.    PROCEDURAL HISTORY

Plaintiffs originally filed this action in Multnomah County Circuit Court on July 8, 2025, asserting claims for breach of contract, defamation, IIED, harassment, and civil rights violations, and seeking $100,000 in damages. (*See* Compl. at 1.) On July 14, 2025, Plaintiffs filed an amended complaint, removing the harassment claim but continuing to seek $100,000 in damages. (*See* Am. Compl. at 1-3.)

On August 7, 2025, Trader Joe's removed the case to this court on the basis of diversity jurisdiction. (Def.'s Notice Removal at 1-4, ECF No. 1.) On August 11, 2025, Plaintiffs moved to remand to state court. (Pls.' Mot. Remand, ECF No. 5; *see also* Pls.' Opp'n Def.'s Notice

Removal ("Pls.' Opp'n"), ECF No. 4.) On August 20, 2025, Trader Joe's filed a response in opposition to Plaintiffs' motion to remand.[1] (Def.'s Resp. Pls.' Mot. Remand ("Def.'s Resp."), ECF No. 8.)

## LEGAL STANDARDS

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, [pursuant to] 28 U.S.C. § 1447(c)[.]" *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). A motion to remand under Section 1447(c) is the 'functional equivalent' of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1). *Id.* Given the "parallel nature of the inquiry," a plaintiff's motion to remand "challenging removal jurisdiction is evaluated the same as a [Rule] 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction." *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023) (citing *Leite*, 749 F.3d at 1121-22); *see also Leite*, 749 F.3d at 1122 ("Challenges to the existence of removal jurisdiction should be resolved within this same framework, given the parallel nature of the inquiry."). "Under that framework, where the moving party does not contest the removal notice's factual allegations but instead asserts that those allegations are facially insufficient to invoke federal jurisdiction, [courts] accept the notice's factual allegations as true and draw all reasonable inferences in favor of the remover." *DeFiore*, 85 F.4th at 552 (citing *Leite*, 749 F.3d at 1121-22).

## DISCUSSION

Plaintiffs move to remand pursuant to Section 1447(c), arguing that this Court lacks diversity jurisdiction. (Pls.' Opp'n at 2.) Trader Joe's responds that there is complete diversity of

---

[1] On August 14, 2025, Trader Joe's filed a motion to dismiss the amended complaint for failure to state a claim (Def.'s Mot. Dismiss, ECF No. 6), which remains pending.

citizenship because it is a citizen of California and Plaintiffs are citizens of Oregon and the amount in controversy is greater than $75,000. (Def.'s Resp. at 3-4.)

## I.    APPLICABLE LAW

The general removal statute is codified at 28 U.S.C. § 1441(a). *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (noting as much). The general "removal statute provides that 'any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants' to the appropriate federal district court." *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022) (emphasis omitted) (quoting 28 U.S.C. § 1441(a)).

 "The great majority of federal cases involve just two bases for jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018); *see also Home Depot*, 587 U.S. at 437 (observing that "Congress granted federal courts jurisdiction over two general types of cases"). Specifically, "Congress granted federal courts jurisdiction over . . . cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties[.]" *Home Depot*, 587 U.S. at 437 (first quoting 28 U.S.C. § 1331; and then citing 28 U.S.C. § 1332(a)); *see also* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."). In these cases, the grant of jurisdiction provides federal courts with what is known as "diversity jurisdiction." *Home Depot*, 587 U.S. at 437-38. "[D]iversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.* (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)).

///

## II.    ANALYSIS

The Court finds that it has diversity jurisdiction over this matter, and therefore denies Plaintiffs' motion to remand.

Trader Joe's removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (Def.'s Notice Removal at 2-3.) "For a federal court to exercise diversity jurisdiction under § 1332(a), the amount in controversy must exceed $75,000, and the parties must be citizens of different states." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017) (quoting *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016)).

There is no dispute that the amount in controversy here exceeds $75,000. (*See* Am. Compl. at 1, 4, seeking $100,000 in damages.) There is also no dispute that Plaintiffs are citizens of Oregon. (Am. Compl. at 1, alleging that Plaintiffs are "individual[s] residing in Multnomah County, Oregon"; Pls.' Opp'n at 2, "Both Plaintiffs are residents of Oregon"; *id.* at 3-4, listing Plaintiffs' addresses in Portland, Oregon.) Thus, for diversity jurisdiction to be present, there must be "complete diversity of citizenship," meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation omitted). For purposes of diversity jurisdiction, a corporation is a citizen both of its state of incorporation and the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Trader Joe's presented evidence in support of its notice of removal that it is incorporated in California, with its principal place of business also in California. (Def.'s Notice Removal at 2, "Defendant Trader Joe's is incorporated in California, with its principal place of business also in California."; Decl. Francis Torrence Supp. Defs.' Notice Removal ¶ 3, "Defendant Trader Joe's is incorporated in California, with its principal place of business in Monrovia, California.", ECF No. 1, Ex. 4.) Plaintiffs do not contest Trader Joe's citizenship allegations. (*See* Pls.' Opp'n at 2,

PAGE 5 – OPINION AND ORDER

"While Trader Joe's may be incorporated elsewhere, its substantial presence in Oregon and the nature of the claims rooted in Oregon law render federal diversity jurisdiction inapplicable.") The Court therefore accepts Trader Joe's' "factual allegations as true and draws all reasonable inferences in favor of the remover." *DeFiore*, 85 F.4th at 552 (citing *Leite*, 749 F.3d at 1121-22). Accordingly, the Court concludes that Trader Joe's is a citizen of California for the purpose of diversity jurisdiction. *See Montrose Chem. Corp. of Cal. v. Am. Motorists Ins.*, 117 F.3d 1128, 1134 (9th Cir. 1997) ("To identify a corporation's citizenship for purposes of diversity jurisdiction, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]'" (quoting 28 U.S.C. §1332(c)(1))).

Plaintiffs argue that the "substantial presence" of Trader Joe's in Oregon and "the nature of the claims rooted in Oregon law render federal diversity jurisdiction inapplicable." (Pls.' Opp'n at 2.) Plaintiffs also "maintain that state court is the more appropriate forum for resolving claims based on state statutes and state law." (*Id.* at 3.) Those are not the applicable tests to evaluate the Court's diversity jurisdiction, and Plaintiffs cite no authority in support of their arguments.

The Court finds that the parties to this litigation are completely diverse because Plaintiffs are Oregon citizens and Trader Joe's is a citizen of California. Further, Plaintiffs seek more than $75,000 in damages, satisfying the amount in controversy requirement. (Am. Compl. at 1, 4.) Accordingly, the Court concludes that it has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), and denies Plaintiffs' motion to remand.[2]

---

[2] Plaintiffs also argue that the timing of the removal was retaliatory. (Pls.' Opp'n at 3.) However, there was nothing unusual about the timing of the removal, as Trader Joe's filed its notice of removal on August 8, 2025, within thirty days of the date on which Plaintiffs filed their

**CONCLUSION**

For the reasons stated, the Court DENIES Plaintiffs' motion to remand (ECF No. 5).

**IT IS SO ORDERED.**

DATED this 3rd day of November, 2025.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

original complaint in state court. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021) (noting that there is a "thirty-day deadline to remove a case to federal court" (citing 28 U.S.C. § 1446(b)).

PAGE 7 – OPINION AND ORDER