IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNIE YARN and DESHAWN
MURPHY,

                 Plaintiffs,

      v.

TRADER JOE'S,

                 Defendant.

Case No. 3:25-cv-01403-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

       Plaintiffs Donnie Yarn ("Yarn") and Deshawn Murphy ("Murphy") (together, "Plaintiffs"), appearing as self-represented litigants, originally filed this case against Defendant Trader Joe's ("Trader Joe's") in Multnomah County Circuit Court. After Trader Joe's removed the case to federal court, Trader Joe's moved to dismiss Plaintiffs' amended complaint. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For the reasons discussed below, the Court grants the motion to dismiss.

///

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

I.     **FACTUAL BACKGROUND**[1]

Plaintiffs allege that they represent a non-profit organization and raise funds from a table set up on a public sidewalk outside of a Trader Joe's store in Portland, Oregon. (*See* Compl., ECF No. 1, Ex. 1; Am. Compl. ("FAC"), ECF No. 1, Ex. 2.) Yarn filed a prior case against Trader Joe's that was resolved by settlement and dismissed with prejudice. (FAC ¶ 5.)

Plaintiffs allege that Trader Joe's materially breached the settlement agreement by "continuing to harass [Yarn] and falsely asserting that [Yarn] was banned from the premises." (*Id.* ¶ 6.) Plaintiffs also allege that Trader Joe's "targeted" Murphy "by falsely accusing him of being a vendor and banning him from the premises, despite his presence being solely for restroom use and nonprofit representation." (*Id.* ¶ 8.)

Plaintiffs' amended complaint includes claims for breach of contract, defamation, intentional infliction of emotional distress ("IIED"), and First Amendment violations under 42 U.S.C. § 1983 ("Section 1983"). (*See id.* at 3-4.)

II.     **PROCEDURAL HISTORY**

Plaintiffs originally filed this action in Multnomah County Circuit Court on July 8, 2025, asserting claims for breach of contract, defamation, IIED, harassment, and civil rights violations, and seeking $100,000 in damages. (*See* Compl. at 2-4.) On July 14, 2025, Plaintiffs filed an

---

[1] The Court assumes these facts are true for the purpose of reviewing the pending motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007) ("[When] ruling on a defendant's motion to dismiss a complaint [the court] must accept as true all of the factual allegations contained in the complaint.") (simplified); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (noting that when reviewing a motion to dismiss for failure to state a claim, a court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party") (citation omitted).

amended complaint, removing the harassment claim but continuing to seek $100,000 in damages. (*See* FAC at 1-4.)

On August 7, 2025, Trader Joe's removed the case to this court on the basis of diversity jurisdiction. (Def.'s Notice Removal at 1-4, ECF No. 1.) On August 11, 2025, Plaintiffs moved to remand to state court. (Pls.' Mot. Remand, ECF No. 5; *see also* Pls.' Opp'n Def.'s Notice Removal, ECF No. 4.) On August 14, 2025, Trader Joe's filed its motion to dismiss the amended complaint for failure to state a claim (Def.'s Mot. Dismiss ("Def.'s Mot."), ECF No. 6), Plaintiffs opposed the motion (Pls.' Resp. Def.'s Mot. Dismiss ("Pls.' Resp."), ECF No. 7), Trader Joe's replied (Def.'s Reply, ECF No. 10), and the Court took the motion to dismiss under advisement without oral argument (ECF No. 12). The Court denied Plaintiffs' motion to remand on November 3, 2025 (ECF No. 14).

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Thus, "where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Courts "have a duty to read a pro se complaint liberally," *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021) (citation omitted), and "[self-represented] litigants should be

treated with 'great leniency' when evaluating compliance with 'the technical rules of civil procedure.'" *Seals v. L.A. Unified Sch. Dist.*, 797 F. App'x 327, 327 (9th Cir. 2020) (quoting *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986)). As the Ninth Circuit has explained, there is a "good reason that [courts] afford leeway to [self-represented] parties, who appear without counsel and without the benefit of sophisticated representation: 'Presumably unskilled in the law, the [self-represented] litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)).

There are, however, limits on the leeway that courts afford to self-represented litigants. For example, although courts "construe pro se pleadings liberally, . . . [courts] 'may not supply essential elements of the claim that were not . . . pled[.]'" *Owen v. City of Hemet*, No. 21-55240, 2022 WL 16945887, at *1 (9th Cir. Nov. 15, 2022) (first citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); and then quoting *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014)).

## DISCUSSION

Trader Joe's moves to dismiss Plaintiffs' breach of contract, defamation, IIED, and First Amendment claims. (Def.'s Mot. at 2-11.) Assuming Plaintiffs' alleged facts are true, construing those facts in the light most favorable to Plaintiffs, and affording them leeway as self-represented parties, the Court finds that Plaintiffs have failed to state a claim.

## I.    BREACH OF CONTRACT CLAIM

### A.    Applicable Law

"To state a claim for breach of contract, a plaintiff 'must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach[,] and defendant's breach resulting in damage to plaintiff.'" *Schoene v. Spirit Airlines, Inc.*, 726 F. Supp. 3d 1248,

1260-61 (D. Or. 2024) (quoting *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996)).

**B.      Analysis**

Plaintiffs allege that a "prior dispute between [Yarn] and Trader Joe's was resolved by settlement, creating a binding agreement," "Trader Joe's breached the terms of the agreement by continuing the very conduct the settlement was meant to resolve, including harassment and misrepresentation," and "[a]s a result of Defendant's breach, [Yarn] suffered damages including reputational harm and emotional distress." (FAC ¶¶ 16-18.)

Trader Joe's moves to dismiss Plaintiffs' breach of contract claim on the ground that they have failed to plead the relevant terms of the alleged contract, and Murphy lacks standing to allege a breach of the contract. (Def.'s Mot. at 5-6; Def.'s Reply at 2-3.) Plaintiffs respond that "the relevant contract terms may be established through discovery" and Murphy has standing to allege breach as a third-party beneficiary of the settlement agreement. (Pls.' Resp. at 4-5.)

The Court finds that Plaintiffs have failed to state a breach of contract claim because they have not alleged the relevant terms of the alleged contract nor how Trader Joe's breached the relevant terms. (*See generally* FAC.) Plaintiffs have also failed to allege Yarn's own full performance and lack of breach. (*Id.*) Further, Plaintiffs have not plausibly alleged any facts in the FAC to support that Murphy was a third-party beneficiary of the settlement agreement between Trader Joe's and Yarn.

For these reasons, the Court dismisses Plaintiffs' breach of contract claim, with leave to amend if Plaintiffs are able in good faith to cure these pleading deficiencies.

///

///

///

## II.    DEFAMATION CLAIM

### A.    Applicable Law

"To establish a claim for defamation, a plaintiff must show that a defendant made a defamatory statement about the plaintiff and published the statement to a third party." *Neumann v. Liles*, 369 P.3d 1117, 1121 (Or. 2016) (citing *Wallulis v. Dymowski*, 918 P.2d 755, 757-58 (Or. 1996)). The Oregon Supreme Court has explained that "[a] defamatory statement is one that would subject the plaintiff 'to hatred, contempt or ridicule[,] tend to diminish the esteem, respect, goodwill or confidence in which [the plaintiff] is held[,] or . . . excite adverse, derogatory or unpleasant feelings or opinions against [the plaintiff].'" *Id.* (simplified) (quoting *Farnsworth v. Hyde*, 512 P.2d 1003, 1004 (Or. 1973)); *Lowell v. Wright*, 512 P.3d 403, 411 (Or. 2022) (describing a defamatory statement in the same manner and finding that such a statement "can be the basis for a defamation claim").

"To be actionable, a [statement] must be both false and defamatory." *Reesman v. Highfill*, 965 P.2d 1030, 1034-35 (Or. 1998) (citing *Harley-Davidson v. Markley*, 568 P.2d 1359, 1361-62 (Or. 1977)); *see also Kolwitz v. Lincoln Cnty. ex rel. Lincoln Cnty. Sheriff's Off.*, 520 F. App'x 570, 570-71 (9th Cir. 2013) (holding that the self-represented plaintiffs "failed to raise a triable dispute as to [the] required elements" of their defamation claim, and noting that "for a statement to be actionable under Oregon law, the statement at issue must be both defamatory and false" (citing *Reesman*, 965 P.2d at 1034)).

### B.    Analysis

Plaintiffs allege that "Trader Joe's published false statements about Plaintiff and his associate, including verbal and written assertions that they were banned and engaging in solicitation," and that "[t]hese statements were untrue and made with reckless disregard for the truth." (FAC ¶¶ 20-21.) Specifically, Plaintiffs allege that Trader Joe's damaged their reputation

by placing a sign outside of its store "that falsely implied Plaintiff was an unwanted solicitor." (*Id.* ¶ 10.)

Trader Joe's moves to dismiss Plaintiffs' defamation claim on the ground that the challenged statements are not defamatory. (Def.'s Mot. at 6-7.) Specifically, Plaintiffs acknowledge that Trader Joe's asked them to leave, which is sufficient under Oregon law to ban them from the premises, and therefore Plaintiffs cannot meet their burden of demonstrating that a statement by Trader Joe's implying that Plaintiffs were banned or unwanted on its property was demonstrably false. (*See id.*, citing *State v. Cervantes*, 493 P.3d 1106 (Or. Ct. App. 2021); *see also* Def.'s Reply at 3-5.) Plaintiffs respond that the Court cannot resolve the falsity of alleged defamatory statements on a motion to dismiss.[2] (Pls.' Resp. at 5-6.)

The Court agrees that Plaintiffs have failed to state a defamation claim because they cannot prove that a statement that they were banned or unwanted at Trader Joe's was false. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990) (holding that, to be actionable, a declarant's statement must be provable as false); *Reesman*, 965 P.2d at 1034 ("The court, rather than the jury, determines whether a communication is capable of a defamatory meaning." (citing *King v. Menolascino*, 555 P.2d 442 (1976))); *see also Dossett v. Ho-Chunk, Inc.*, 472 F. Supp. 3d 900, 910-11 (D. Or. 2020) ("Several of the specific statements that [the plaintiff] challenges as defamatory were not false, as demonstrated by the facts he pleads in the complaint. Therefore, those statements cannot be defamatory as a matter of law.").

///

---

[2] In support of their argument, Plaintiffs cite a case that does not exist and may have been created by a generative artificial intelligence tool. (*See* Pls.' Resp. at 5, citing "*Miskew v. Hess*, 211 Or. App. 499 (2007).) Plaintiffs' citation is the subject of an order to show cause why the Court should not impose sanctions, filed contemporaneously herewith.

For these reasons, the Court dismisses Plaintiffs' defamation claim, with leave to amend if Plaintiffs are able in good faith to cure these pleading deficiencies.

## III.    IIED CLAIM

### A.    Applicable Law

"To state a claim for intentional infliction of severe emotional distress, a plaintiff must plead that '(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.'" *Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1063 (Or. 2002) (quoting *McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995)). "Whether conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct is a question of law." *Harris v. Pameco Corp.*, 12 P.3d 524, 529 (Or. Ct. App. 2000).

"The third IIED element . . . is often dispositive." *Upchurch v. Multnomah Univ.*, No. 3:19-cv-00850-AC, 2021 WL 6066283, at *4 (D. Or. Dec. 7, 2021), *findings and recommendation adopted*, 2021 WL 6064027 (D. Or. Dec. 22, 2021). "On this element the court plays a gatekeeper role by determining in the first instance whether actions stated in a claim might rise to the level of outrageousness demanded for an IIED claim." *Id.* "The bar for extraordinary departure from social acceptability is set very high." *Id.* "[M]erely rude, boorish, tyrannical, churlish, or mean" conduct does not support an IIED claim. *Id.* (simplified).

### B.    Analysis

Plaintiffs allege that the conduct of Trader Joe's, including "repeated harassment, false allegations, interference with a lawful nonprofit, and public humiliation," was "intentional and outrageous" and "caused Plaintiff severe emotional distress." (FAC ¶¶ 24-25.)

Trader Joe's moves to dismiss Plaintiffs' IIED claim on the ground that Plaintiffs have not plausibly alleged that the alleged conduct was "an extraordinary transgression of the bounds of socially tolerable conduct." (Def.'s Mot. at 7; Def.'s Reply at 5.) The Court agrees. *See Austin v. Univ. of Or.*, 205 F. Supp. 3d 1214, 1230 (D. Or. 2016) (dismissing IIED claim because the alleged conduct did not rise to the level of Oregon's "very high bar [for extraordinary transgressions]" and noting that "Oregon [c]ourts have found that even patently felonious conduct does not necessarily rise to the level of an IIED claim" (citing *Shay v. Paulson*, 884 P.2d 870, 872 (Or. Ct. App. 1994)), *aff'd*, 925 F.3d 1133 (9th Cir. 2019))).

For these reasons, the Court dismisses Plaintiffs' IIED claim, with leave to amend if Plaintiffs are able in good faith to cure these pleading deficiencies.

## IV.    FIRST AMENDMENT CLAIM

### A.    Applicable Law

"[Section] 1983 . . . prohibits interference with federal rights under color of state law." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). "The ultimate issue in determining whether a person is subject to suit under [Section] 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" *Id.* (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "If the action of the [defendant] is not state action, our inquiry ends." *Id.*

### B.    Analysis

Plaintiffs allege that Trader Joe's "interfered with Plaintiff's constitutional rights by suppressing lawful activity on a public sidewalk," which "constituted viewpoint discrimination and unlawful retaliation for the exercise of those rights," and did so "in coordination with security or other authority figures," (FAC ¶¶ 27, 29; *see also id.* ¶ 14, alleging that Trader Joe's acted "in cooperation with security and enforcement entities"). Plaintiffs "assert[] a claim under

[Section 1983] for violation of federal civil rights, if the Court finds that the defendant was acting in concert with state actors or under color of law." (*Id.* ¶ 30.)

Trader Joe's moves to dismiss Plaintiffs' First Amendment claim on the ground that Plaintiffs have not plausibly alleged in the FAC that Trader Joe's is a state actor. (Def.'s Mot. at 9-11; Def.'s Reply at 5-6.) Plaintiffs respond by alleging that Trader Joe's "coordinated with security and law enforcement to suppress Plaintiffs' speech and presence on a public sidewalk" and that "private parties acting in concert with police to deprive individuals of rights are state actors." (Pls.' Resp. at 6-7, first citing *Lugar,* 457 U.S. 922; and then citing *Franklin v. Fox*, 312 F.3d 423 (9th Cir. 2002)). Plaintiffs further allege that "[w]hether such coordination occurred is a factual issue that discovery will clarify." (*Id.* at 7.)

The Court agrees with Trader Joe's that Plaintiffs have not plausibly alleged any facts to satisfy the "joint action" test. (Def.'s Reply at 5-6.) As such, Plaintiffs have failed to satisfy the state action element of a Section 1983 claim. *See Kiss v. Best Buy Stores*, No. 3:22-cv-00281-SB, 2022 WL 17480936, at *5 (D. Or. Dec. 6, 2022) ("The Court finds that [the plaintiff] has not plausibly alleged that Best Buy is a state actor under the joint action test."), *aff'd,* No. 23-35004, 2023 WL 8621972 (9th Cir. Dec. 13, 2023)). For these reasons, the Court dismisses Plaintiffs' Section 1983 claim, with leave to amend if Plaintiffs are able in good faith to cure these pleading deficiencies.

## CONCLUSION

For the reasons stated, the Court GRANTS Trader Joe's motion to dismiss (ECF No. 6), and dismisses Plaintiffs' FAC with leave to amend.[3] Plaintiffs may file a second amended

---

[3] Although the Court finds that it is unlikely that Plaintiffs can cure the pleading deficiencies by pleading additional factual allegations, the Court cannot conclude on this record that it is "impossible." *See Cobb v. Dyemartin*, 584 F. App'x 404, 406 (9th Cir. 2014) (stating

complaint within fourteen days if they are able in good faith to cure the pleading deficiencies identified herein. If Plaintiffs fail timely to file a second amended complaint, the Court will dismiss this case with prejudice.

       **IT IS SO ORDERED.**

       DATED this 5th day of December, 2025.

                                 HON. STACIE F. BECKERMAN
                                 United States Magistrate Judge

---

that a "[self-represented] litigant should be given leave to amend if it appears at all possible that he or she can cure the deficiencies at issue" (*citing Lopez*, 203 F.3d at 1130)).