IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONNIE YARN and DESHAWN MURPHY, | Case No. 3:25-cv-01403-SB |
| Plaintiffs, | **ORDER TO SHOW CAUSE** |
| v. | |
| TRADER JOE'S, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiffs Donnie Yarn ("Yarn") and Deshawn Murphy ("Murphy") (together, "Plaintiffs"), appearing as self-represented litigants, originally filed this case against Defendant Trader Joe's ("Trader Joe's") in Multnomah County Circuit Court. After Trader Joe's removed the case to federal court, Trader Joe's moved to dismiss Plaintiffs' amended complaint.

In Plaintiffs' response to the motion to dismiss, they cited a case that does not exist and appears to have been created by a generative artificial intelligence ("AI") tool. (*See* Pls.' Resp. at 5, ECF No. 7, citing "*Miskew v. Hess*, 211 Or. App. 499 (2007)," a case that does not appear to exist.)

///

PAGE 1 – ORDER TO SHOW CAUSE

"For some time, it has been well known—and well-publicized—that generative AI tools 'hallucinate' fake cases." Green Bldg. Initiative, Inc. v. Peacock, No. 3:24-cv-298-SI, 2025 WL 3002143, at *2 (D. Or. Oct. 27, 2025) (noting that "[the plaintiff]'s fake case citations appear to be hallmarks of a generative artificial intelligence ('AI') tool, such as ChatGPT" and ordering the plaintiff and its counsel to show cause why the Court should not impose sanctions against them for using fake, or "hallucinated," case citations) (citations omitted).

Federal Rule of Civil Procedure 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney *or unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" FED. R. CIV. P. 11(b) (emphasis added); *see also* Mata v. Avianca, Inc., 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023) ("A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system.") (simplified). Courts may impose sanctions for Rule 11 violations. *See* FED. R. CIV. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule or is responsible for the violation."); *see also* Green Bldg. Initiative, Inc., 2025 WL 3002143, at *2 (ordering the plaintiff and its counsel to show cause why the Court should not impose sanctions for using fake case citations); *see also* Ringo v. Colquhoun Design Studio, LLC, --- P.3d ----, 345 Or. App. 301 (2025) ("For

the reasons to follow, we sanction respondents' counsel $500 for each fabricated citation and $1,000 for each false quotation or substantive statement of law, for a total of $2,000[.]").

Consistent with these authorities, the Court ORDERS Plaintiffs to show cause in writing by December 19, 2025, why the Court should not impose sanctions for citing a "fake case" in their court filing.

**IT IS SO ORDERED.**

DATED this 5th day of December, 2025.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge